Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (278521)
sweerasuriya@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Erik Hernandez, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**LVNV Funding LLC, and  Does 1-10, inclusive,**<br><br>Defendant(s).<br>_____ | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA FAIR DEBT BUYING PRACTICES ACT, *CAL. CIV. CODE* §§1780.50, ET SEQ.**<br><br><u>**Jury Trial Demanded**</u> |

**<u>Introduction</u>**

**1.** This case concerns violations of California's Fair Debt Buying Practices Act ("FDBPA")[1] and arises as a result of false, deceptive and unfair debt-collection practices promulgated throughout California by Defendant debt-buyer, LVNV Funding, LLC ("LVNV"), in an effort to deceive consumer debtors into renewing expired statutes of limitations for, and making payments on, charged-off debts purchased by LVNV for which the statutes of limitations have already expired and LVNV is precluded from suing consumer debtors to collect.

**2.** As a consumer protection measure, the FDBPA expressly requires debt-buyers, such as LVNV, when attempting to collect on a time-barred debt, to include in their first written communication to a consumer debtor (i) a prominent notice informing them that they will not be sued for the alleged debt if they do not pay it, and (ii) when the debt is also past the date of obsolescence for reporting it on their credit report, an additional notice informing them that the alleged debt will not be reported to any credit reporting agency if they do not pay it.   As detailed herein, LVNV has systematically violated these essential provisions of the FDBPA.

_____

California Civil Code §§ 1788.50, et seq.

**CLASS ACTION COMPLAINT**

**3.** Plaintiff, Erik Hernandez ("Hernandez"), alleges that within the year preceding the filing of this Complaint, a debt collector, acting on behalf and at the direction of LVNV, attempted to collect debts from him and other similarly situated consumer debtors by systematically sending mail based collection communications that, in violation of the FDBPA, failed to notify the consumer debtors that the statutes of limitations for filing legal claims to collect on those debts had expired, and thus, that legal claims will not and cannot be brought against them past of the statute of limitations. Hernandez further alleges that mail based collection communications sent by debt collectors acting on behalf and at the direction of LVNV failed to include, when required by the FDBPA, the additional notice informing consumer debtors that the alleged debt will not be reported to any credit reporting agency if they do not pay it.

**4.** The purpose and importance of the FDBPA is expressed by the California legislature, which, in enacting the FDBPA, found that 1) the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of its collection activities and litigation; 2) state law does not currently prescribe the specific nature of documentation that a debt buyer must maintain and produce in a legal action on the debt; 3) documentation

used to support the collection of a debt must be sufficient to prove that the individual who is being asked to pay the debt is in fact the individual associated with the original contract or agreement, and that the amount of indebtedness is accurate; 4) it is important to create documentation and process standards for the collection of consumer debt that all interested parties can easily understand; and 6) setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.[2]

5. Additionally, the Federal Trade Commission ("FTC") has similarly found that nondisclosure of the fact that a debt is time-barred might deceive a consumer in at least the following ways: 1) since most consumers do not know or understand their legal rights regarding the collection of time-barred debts, efforts to collect on such debts may create a misleading impression that the consumer has no defense to a lawsuit; and 2) consumers often do not know that in many states, making even the smallest of payments on a time-barred debt actually renews statute of limitations on that debt.  Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot

---

SB 233, Section 1; Cal. Civ. Code § 1788.50 (a) – (f).

**CLASS ACTION COMPLAINT**

sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *Fed. Trade Comm'n,* The Structure and Practice of the Debt Buying Industry, 47(2013) (FTC Report 2013).

6. Reflective of the importance of advising consumer debtors when their debt is past the statute of limitations is the consent decree between the FTC and Asset Acceptance, LLC requiring it to disclose to consumers *whether it knows or believes that a debt was incurred outside the limitations period*, the following: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *United States v. Asset Acceptance, LLC,* No. 8:12–cv–182–T–27EAJ (M.D.Fla.2012).

7. Further, it is well documented that most consumers do not understand their rights with regards to time-barred debts. *Fed. Trade Comm'n,* Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration 26-27 (2010).

8. LVNV's acts and omissions described herein were intentional and mislead consumer debtors into making payments on time-barred debts purchased by LVNV, which would additionally renew the expired statutes of limitations, thereby allowing LVNV to subsequently file legal claims for any unpaid balances against those same consumer debtors who had available to them the

affirmative defense of "statute of limitations" prior to making such falsely and unfairly induced payments.

9. Thus, Hernandez brings class action claims against LVNV, under the California Fair Debt Buying Practices Act ("FDBPA"), *Cal. Civ. Code* §1788.50, et seq.

### Jurisdiction and Venue

10. Plaintiff resides within the County of Los Angeles, in the State of California and LVNV does business in the state of California and specifically, in Los Angeles County, which is within the Central District of California.

11. The court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, because there is diversity of citizenship between at least one member of the class and Defendant, because the amount in controversy exceeds $5,000,000.00 and because the proposed class size easily exceeds one-hundred (100) individuals. Thus the Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2).

### The Parties

12. Hernandez is a natural person residing in Los Angeles County, State of California and is a "debtor" under the FDBPA.

13. LVNV is a limited liability company that is regularly engaged in the business of purchasing charged-off consumer debts for collection purposes, whether

LVNV collects the debt itself, hires a third party for collection, or hires an attorney-at-law for collection litigation.   Thus, at all times relevant herein, LVNV was and is a "debt buyer," as defined by *Cal. Civ. Code* §1788.55(a)(1).   At all times relevant herein, LVNV was attempting to collect a consumer debt that has been removed from a creditor's books as an asset and treated as a loss or expense, from Hernandez and the putative class members. At all times relevant herein, LVNV was attempting to collect a "charged-off consumer debt," as defined by *Cal. Civ. Code* §1788.55(a)(2).

14. At all times relevant herein, the actions of any debt collector in violation of the FDBPA, towards Hernandez and the putative class, were taken on behalf of LVNV, at LVNV's direction, and under its control.   LVNV ratified and permitted any such debt collectors' conduct, and at all times relevant herein, said debt collectors knowingly and willfully engaged in conduct that violates the FDBPA.

## **Factual Allegations**

15. Within one (1) year preceding the filing of this lawsuit, a debt collector, on behalf of LVNV, mailed Hernandez a written communication in an effort to collect a "charged-off consumer debt." The letter from the debt collector was dated February 06, 2015, listed General Electric Corporation as the original

**CLASS ACTION COMPLAINT**

creditor and LVNV as the party on whose behalf the debt collector was acting.

Specifically, said correspondence stated, in relevant part:

> **Please be advised that LVNV FUNDING LLC, the Current Credit-Debt Purchaser has purchased the account referenced above. LVNV FUNDING LLC has placed your account with us for collection.**
>
> **Malcolm S. Gerald and Associates wants to help you resolve your delinquent account with LVNV FUNDING LLC. We would like to offer you a settlement of 25% on your account listed above. We will be able to accept $454.63 as a settlement in full on your account. To take advance of this offer, the settlement amount listed must be received in our office no later than 03/23/2015. We are not obligated to renew this offer.**
>
> **This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for this purpose.**

16. The February 06, 2015 communication stated that the charge-off date by the original creditor, General Electric Corporation, was April 15, 2007. However,

nowhere did this collection communication to Hernandez disclose: 1) the statute of limitations for LVNV to bring a breach of contract claim on the debt; 2) that the debt is past the statute of limitations; 3) that because the debt is past the statute of limitations for a claim, LVNV nor the debt collector will bring legal claims against Hernandez; or 4) the credit reporting obligations imposed by the FDBPA, on LVNV and the debt collector, depending on the particular age of the debt.

17. Finally, this collection communication also repeatedly used the term "settlement," despite omitting the fact that the alleged debt is time-barred and that there is no pending legal action which warrants the use of the term "settlement."

## Class Allegations

18. Hernandez brings this class action on behalf of himself and all others similarly situated ("the Class").

19. Hernandez represents, and is a member of the following classes:

a. All persons residing in the State of California who, within the one (1) year preceding the filing of this Complaint, received an initial written collection communication sent of behalf LVNV, at LVNV's direction and under its control, regarding the collection of a charged-off debt that was past the statute of limitations and not past the date

for obsolescence under Section 1681c of the FCRA, where said collection communication failed to provide, in no smaller than 12-point type, the separate prominent notice required by Section 1788.52(d)(2) of the FDBPA.

b. All persons residing in the State of California, who, within the one (1) year preceding the filing of this Complaint, received an initial written collection communication sent of behalf LVNV, at LVNV's direction and under its control, regarding the collection of a charged-off debt that was past the statute of limitations and the date for obsolescence under Section 1681c of the FCRA, where said collection communication failed to provide, in no smaller than 12-point type, the separate prominent notice required by Section 1788.52(d)(3) of the FDBPA.

20. The form and boilerplate nature of the written collection communication sent by LVNV to Hernandez all but confirm that the noncompliant nature of the communication(s) at issue are systematic and the result of unreasonable and noncompliant policies and procedures.

21. As a result of LVNV's conduct, Hernandez and members of the putative class have been deprived of accurate and valid information regarding the legal status of time-barred and charged-off debts that the debt collectors sought to collect

from them, on behalf of LVNV. The class members were misled into believing that they could be subjected to legal action, despite the debts at issue being past their respective statutes of limitations and dates of obsolescence.

22. LVNV, its debt collectors and their employees or agents are excluded from the Class. Hernandez does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Hernandez reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through LVNV and/or its debt collectors' records or their respective agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact

to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the one (1) year preceding the filing of this Complaint, a debt collector acting on behalf and at the direction of LVNV, sent initial written collection communications to debtors on time-barred debts that:

    i. Failed to disclose the particular statute of limitations for the debt, and that the debt was time-barred;

    ii. Failed to disclose that neither LVNV nor the particular sender of the written collection communication could bring legal action against the debtor because the debt is time-barred;

b. Whether, within one (1) preceding the filing of this Complaint, a debt collector acting on behalf and at the direction of LVNV, sent a first written collection communication on behalf of LVNV, regarding the collection of a charged-off debt that was past the statute of limitations and not past the date for obsolescence under Section 1681c of the FCRA, where said collection communication failed to provide, in no smaller than 12-point type, the separate prominent notice required by Section 1788.52(d)(2) of the FDBPA;

c.   Whether, within one (1) preceding the filing of this Complaint, a debt collector acting on behalf and at the direction of LVNV, sent a first written collection communication on behalf of LVNV, regarding the collection of a charged-off debt that was past the statute of limitations and not past the date for obsolescence under Section 1681c of the FCRA, where said collection communication failed to provide, in no smaller than 12-point type, the separate prominent notice required by Section 1788.52(d)(3) of the FDBPA;

d.   Whether Hernandez and the Class members were damaged thereby, and the extent of damages for such violation;

e.   Whether LVNV should be enjoined from engaging in such conduct in the future; and

f.   Whether the LVNV engaged in a pattern and practice of violating Civil Code section 1788.52(d)(2) or (3).

26. As a person that received the grossly inadequate and misleading collection letter from LVNV, Hernandez is asserting claims that are typical of the Class. Hernandez will fairly and adequately represent and protect the interests of the Class in that Hernandez has no interests antagonistic to any member of the Class.

27. Hernandez and the members of the Class have all suffered irreparable harm as a result of LVNV's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and LVNV will likely continue such illegal conduct.

28. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Hernandez has retained counsel experienced in handling class action claims and claims involving violations of the Federal Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act, two statutes closely related to, and premised on consumer protection policies simlar to the newly enacted FDBPA.

30. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce LVNV and debt collectors acting on behalf and at the direction of LVNV, to comply with California law.  The interest of Class members in individually controlling the prosecution of separate claims against LVNV is small because the maximum statutory damages in an individual action under the FDBPA are minimal.

Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. LVNV has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause of Action: Violation of the Fair Debt Buying Practices Act**

32. Hernandez incorporates by reference, the preceding paragraphs of this Complaint.

33. When collecting on a time-barred debt where the debt is not past the date for obsolescence provided for in Section 605(a) of the federal Fair Credit Reporting Act (15 U.S.C. Sec. 1681c), the FDBPA requires a debt buyer to include with its first written communication with the debtor in no smaller than 12-point type, the following separate prominent notice: "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, [insert name of debt buyer] may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting." *Cal. Civ. Code* §§1788.52(d)(2). The written collection communication sent to Hernandez, by a debt collector, on LVNV's behalf and at its direction, omitted the above required disclosure, as did the written communications sent by a debt collector, on behalf of LVNV and at its

direction, to members of the putative class.   Thus, LVNV knowingly and willfully violated Section 1788.52(d)(2) of the FDBPA, with regards to Hernandez and the putative class members.

34. Additionally, when collecting on a time-barred debt where the debt is past the date for obsolescence provided for in Section 605(a) of the federal Fair Credit Reporting Act (15 U.S.C. Sec. 1681c), the FDBPA requires a debt buyer to include with its first written communication with the debtor in no smaller than 12-point type, the following separate prominent notice: "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." *Cal. Civ. Code* §§1788.52(d)(3). The written collection communication sent to Hernandez, LVNV's behalf and its direction, omitted the above required disclosure, as did the written communications sent by debt collectors, on behalf of and at LVNV's direction, to members of the putative class. Thus, LVNV knowingly and willfully violated Section 1788.52(d)(3) of the FDBPA, with regards to Hernandez and the putative class members.

35. As a direct and proximate result of LVNV's conduct, Hernandez and the Class have suffered actual damages and other harm, thereby entitling them Hernandez to seek statutory damages in the amount of $1,000.00 on behalf of himself, the lesser of 1% of LVNV's net worth or $500,000.00, and

reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.62(a)(2), (b), and (c).

## **Prayer for Damages**

Wherefore, Hernandez respectfully requests the Court grant Hernandez and the Class members the following relief against LVNV:

**a.** That this action be certified as a class action on behalf of The Class and Hernandez be appointed as the representative of The Class;

**b.** For actual damages  for Hernandez and the putative class pursuant to *Cal. Civ. Code* §1788.62(a)(1);

**c.** For statutory damages of $1,000.00 for Hernandez pursuant to *Cal. Civ. Code* §1788.62(a)(2)

**d.** For statutory damages of the lesser of 1% of LVNV's net worth or $500,000,  for the Class pursuant to *Cal. Civ. Code* §1788.62(b);

**e.** For reasonable attorneys' fees and costs of suit *Cal. Civ. Code* §1788.62(c);

**f.** For prejudgment interest at the legal rate; and

**g.** For such further relief as this Court deems necessary, just, and proper.

///

///

## **Trial by Jury**

Pursuant to the seventh amendment to the Constitution of the United States of America, Hernandez is entitled to, hereby does demand a jury trial.

Dated: June 23, 2015

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
Suren N. Weerasuriya, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**